UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

WILLIE M. MCBRIDE,

    Plaintiff,

v.

DET. TODD KURTZ,
DET. JOHN DOES 1-5,

    Defendants.

Case No.:18-CV-2032
Judge: Honorable Lynn Adelman

---

# FIRST AMENDED COMPLAINT

Plaintiff, Willie M. McBride, by and through his attorneys, HUSCH BLACKWELL LLP, for his First Amended Complaint against Defendants, Detective Todd Kurtz, and Detective John Does 1-5, hereby alleges the following:

## INTRODUCTION

1. After surrendering to police upon execution of a warrant and prior to arrest, Plaintiff, Willie M. McBride, was brutally and unjustifiably attacked by Defendant Todd Kurtz and Detectives John Does 1-5, who punched, kicked, and choked Plaintiff McBride until he lost consciousness—all while he was subdued, completely vulnerable, and unable to protect and/or defend himself. As a result of Defendant Detectives' actions Plaintiff McBride sustained serious injuries, including permanent damage to his vision and testicles.

2. Consequently, Plaintiff McBride files this civil rights action to shed light upon Defendant Detectives' excessive force and misconduct, and to hold Defendant Detectives accountable for their actions while seeking justice for unwarranted injuries suffered during his arrest.

## JURISDICTION AND VENUE

3. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights secured by the United States Constitution.

4. This Court has jurisdiction over federal civil rights claims pursuant to 28 U.S.C. § 1331.

5. Venue is property under 28 U.S.C. § 1391(b). Defendant City of West Allis is a municipal corporation located within this judicial district; additionally, the events giving rise to claims asserted occurred within this judicial district.

## PARTIES

6. Plaintiff, Willie M. McBride ("Plaintiff"), is a 29-year old African-American male currently incarcerated at the Green Bay Correctional Institution in Green Bay, Wisconsin.

7. At all relevant times, Defendants, Detectives Todd Kurtz and John Does 1-5 (collectively "Defendants"), were West Allis Police Department detectives employed by the City of West Allis, and are being sued in their individual capacities.

8. At all relevant times, Defendants were acting under the color of state law, were carrying out their duties as West Allice Police Department detectives, and were acting within the scope of their employment with the City of West Allis.

## FACTUAL ALLEGATIONS

9. On or about April 13, 2018, Plaintiff and an acquaintance were asleep in room #118 at the Village Inn Hotel located at 3001 W. Wisconsin Ave, Milwaukee, WI 53208.

10. Between 0500hrs and 0600hrs, Plaintiff and his acquaintance heard a loud noise at the door as unknown individuals attempted to forcefully gain entry into the hotel room.

11. Upon hearing the noise, Plaintiff's acquaintance approached the door and asked the unknown individuals to identify themselves; and after slightly opening the door, Plaintiff's acquaintance was violently snatched outside of the hotel room.

12. In fear of the unknown individuals, Plaintiff retreated to behind a bathroom wall before the unknown individuals entered the hotel room.

13. At all relevant times, Plaintiff was wearing only a pair of underwear.

14. At this point, the unknown individuals announced they were members of the West Allis Police Department, and instructed Plaintiff to get on his knees with his hands held above his head, and to crawl backwards towards the door of the hotel room.

15. Plaintiff complied with the officers' requests, and upon doing so—without provocation—officers charged, and began to brutally kick, punch, and stomp Plaintiff in the face, head, body, and groin area.

16. After Plaintiff laid beaten, bloody, defenseless, and injured on the hotel room floor, Detective Todd Kurtz placed his knee—supported by his full body weight—on Plaintiff's back and applied a choke hold.

17. Detective Kurtz screamed *"you thought you were gonna get away with this motherfucker"* while viciously choking and restraining Plaintiff so that other officers could continue to punch and kick him.

18. Plaintiff eventually lost consciousness due to being choked by Detective Kurtz.

19. Upon regaining consciousness sometime later, Plaintiff was finally placed under arrest and transported to West Allis Memorial Hospital due to injuries sustained from Defendants' assault.

20. As a result of Defendants' assault, Plaintiff was diagnosed with facial contusions, a permanent eye injury, and permanent testicle injuries.

21. As a further result of the Defendants' assault—to date—Plaintiff continues to suffer reduced vision from being kicked and punched in the face and head, and pain and swelling in his testicles from being repeatedly being kicked and stomped in his groin area.

22. In addition to his physical injuries, as a direct and proximate result of Defendants' actions, Plaintiff suffered and continues to suffer, among other things, severe emotional distress, anguish, humiliation, shame, embarrassment, fear, and experiences nightmares as a result of the incident.

### COUNT I – VIOLATION OF 42 U.S.C. § 1983 – EXCESSIVE FORCE
### AGAINST DEFENDANT DETECTIVES

23. Paragraphs 1-22 are repeated and realleged in the foregoing paragraphs as if fully set forth herein.

24. At all relevant times, Defendants were acting under the color of state law using power they possessed by virtue of state law.

25. Defendants intentionally used excessive, unjustifiable, and unnecessary force against Plaintiff by punching, kicking, and stomping Plaintiff in the face, head, body, and groin; and choking Plaintiff to unconsciousness.

26. Defendants acts deprived Plaintiff of his Fourth Amendment right to be free from excessive force during arrest or seizure, which caused the injuries set forth above.

### COUNT II – VIOLATION OF 42 U.S.C. § 1983 – FAILURE TO INTERVENE
### AGAINST DETECTIVES JOHN DOES 1-5

27. Paragraphs 1-26 are repeated and realleged in the foregoing paragraphs as if fully set forth herein.

4

Case 2:18-cv-02032-LA   Filed 08/03/20   Page 4 of 6   Document 71

28. At all relevant times, Defendants were acting under the color of state law using power they possessed by virtue of state law.

29. Detectives John Does 1-5 individually, jointly, and/or in conspiracy, had the duty, opportunity and ability to intervene on behalf of Plaintiff during the application of Detective Kurtz's chokehold, but failed to do so.

30. Detective John Does' failure to intervene on behalf of Plaintiff violated their duty as peace officers and deprived Plaintiff of his Fourth Amendment right to be free from excessive force during arrest or seizure, which caused the injuries set forth above.

WHEREFORE, Plaintiff, Willie M. McBride, requests this Court enter judgment in his favor against Defendants, Detectives Todd Kurtz and John Does 1-5, awarding compensatory and punitive damages, and costs, as well as any other relief this Court deems appropriate.

## JURY DEMAND

Plaintiff, Willie M. McBride, demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Dated this 3rd day of August, 2020.

        s/ *Jillian SmithKetajh Brown*
        Karen L. Tidwall
        Ketajh M. Brown
        ***Attorneys for Plaintiff Willie M. McBride***

**HUSCH BLACKWELL LLP**
555 East Wells Street, Suite 1900
Milwaukee, Wisconsin 53202-3819
Telephone: 414.273.2100
Fax: 414.223.5000
karen.tidwall@huschblackwell.com
ketajh.brown@huschblackwell.com

# CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of August, 2020 a true and correct copy of the foregoing, **Plaintiff's First Amended Complaint**, was served on all counsel of record via the Court's CM/ECF Filing system.

Ann C. Wirth
Gregg J. Gunta
Jasmyne M. Baynard
John A. Wolfgang

**GUNTA LAW OFFICES, SC**
9898 W. Bluemound Road, Suite 2
Wauwatosa, WI 53226
acw@guntalaw.com
gjg@guntalaw.com
jmb@guntalaw.com
jaw@guntalaw.com

*/s/ Ketajh M. Brown*
An Attorney